IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS G. LACOUR,<br><br>  Plaintiff,<br><br>v.<br><br>SUNRISE CREDIT SERVICES, INC.,<br><br>  Defendant. | Case No. 3:19-cv-02009 |

## COMPLAINT

NOW COMES Plaintiff, THOMAS G. LACOUR, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, SUNRISE CREDIT SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCPA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. THOMAS G. LACOUR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Dallas, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1)

1

8. SUNRISE CREDIT SERVICES, INC. ("SCS"), is a foreign corporation with its principal place of business located in West Monroe, Louisiana.

9. SCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

10. SCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11. SCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. SCS is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

13. SCS is a "third-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7) as it is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Plaintiff applied for and was issued a Bank of America, N.A. credit card - Account Number XXXXXXXXXXXX5319).

15. Plaintiff made various personal charges on this credit card, accruing an alleged $1,727.64 balance.

16. Plaintiff's $1,727.64 balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it was incurred for personal, family, or household purposes.

17. Plaintiff's $1,727.64 balance is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it was incurred for personal, family or household purposes.

18. As result of financial hardship, Plaintiff fell delinquent on payments to Bank of America, N.A.

19. On or before May 7, 2019, Plaintiff's outstanding Bank of America, N.A. obligation was placed with SCS for collection.

20. On May 7, 2019, SCS sent Plaintiff an initial written communication ("Letter") seeking to collect on behalf of Bank of America, N.A.

21. This Letter provided:

**Account Information**
Creditor: Bank of America, N.A.
Account Number: XXXXXXXXXXXX5319
SCS Account #: 37063515

Balance Due: $3,040.91

*\*\*\**

The above referenced account has been placed by Bank of America, N.A. for the past due amount. Payment of the above "Balance Due" will be accepted as full satisfaction of this debt.

22. Moreover, this Letter provided:

| CREDITOR | PREVIOUS ACCT# | ACCT# | BALANCE |
|---|---|---|---|
| Bank of America, N.A. | | XXXXXXXXXXXX5467 | $1,313.27 |
| Bank of America, N.A. | | XXXXXXXXXXXX5319 | $1,727.64 |
| | | TOTAL BALANCE DUE | $3,040.91 |

23. Finally, this Letter's bottom portion was separable and provided:

**Account Information**
Creditor: Bank of America, N.A.
Account Number: XXXXXXXXXXXX5319
SCS Account #: 37063515

Balance Due: $3,040.91

24. SCS's May 7, 2019 Letter caused Plaintiff to question whether he owes $1,727.64 *or* $3,040.91 to satisfy Plaintiff's Bank of America, N.A. credit card ending in 5319.

25. SCS's May 7, 2019 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. SCS's May 7, 2019 Letter conveyed information regarding Plaintiff's delinquent obligation to Bank of America, N.A. directly to Plaintiff.

27. SCS's May 7, 2019 Letter caused Plaintiff confusion by claiming differing balances owed on Plaintiff's account ending in 5319.

28. Concerned with having rights violated, Plaintiff sought counsel to ensure that SCS's unlawful deceptive collection practices ceased.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

30. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

   (A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2) and e(10)

31. SCS violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by claiming differing balances owed Bank of America, N.A. for the account ending in 5319; therefore, creating confusion.

32. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A) and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

       (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that SCS violated 15 U.S.C. §§ 1692e(2)(A) and e(10);

B.     an award of any actual damages sustained by Plaintiff as a result of SCS's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## COUNT II:
### Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann. § 392.304

34.     Subsection 392.304(a)(8) of the Texas Finance Code provides:

[i]n debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

       (8)     misrepresenting the character, extent, or amount of a consumer debt.

Tex. Fin. Code Ann. § 392.304(a)(8).

35.    SCS violated Tex. Fin. Code Ann. § 392.304(a)(8) by claiming differing balances owed Bank of America, N.A. for the account ending in 5319; therefore, creating confusion.

36.    Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.304(a)(8) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)    A person may sue for:

    (1)    injunctive relief to prevent or restrain a violation of this chapter; and

    (2)    actual damages sustained as a result of a violation of this chapter.;

(b)    A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

WHEREFORE, Plaintiff requests the following relief:

A.    a finding that SCS violated Tex. Fin. Code Ann. § 392.304(a)(8);

B.    an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.    an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.    an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

F.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

  Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 21, 2019           Respectfully submitted,

                     **THOMAS G. LACOUR**

                     By: */s/ Joseph S. Davidson*

                     Joseph S. Davidson
                     Mohammed O. Badwan
                     **SULAIMAN LAW GROUP, LTD.**
                     2500 South Highland Avenue
                     Suite 200
                     Lombard, Illinois 60148
                     +1 630-575-8181
                     jdavidson@sulaimanlaw.com
                     mbadwan@sulaimanlaw.com